IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NAT'L TRUST CO., *as Trustee*, | No. CIV 2:12-cv-0271-JAM-JFM (PS) |
| Plaintiff, | |
| vs. | |
| DIANE WILLIAMS, *et al.*, | ORDER AND |
| Defendants. | FINDINGS & RECOMMENDATIONS |
| / | |

  Plaintiff Deutsche Bank National Trust Company filed this unlawful detainer action in Placer County Superior Court on November 29, 2011. Doc. No. 1 at 11-13. On February 1, 2012, defendants Diane Williams and Larry Leach removed this action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. On February 9, 2012, plaintiff filed a motion to remand. For the reasons set forth below, this action should be remanded pursuant 28 U.S.C. § 1447(c) and plaintiff's motion should be denied as moot.

  When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006)

1

1  (internal quotation marks omitted)). "Federal jurisdiction must be rejected if there is any doubt
2  as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
3  1992). "If at any time before final judgment it appears that the district court lacks subject matter
4  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

5  The propriety of removal requires the consideration of whether the district court
6  has original jurisdiction of the action; i.e., whether the case could have originally been filed in
7  federal court based on a federal question, diversity of citizenship, or another statutory grant of
8  jurisdiction. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If the case is within
9  the original jurisdiction of the district court, removal is proper so long as the defendant complied
10 with the procedural requirements set forth in 28 U.S.C. § 1446. If the case is not within the
11 original jurisdiction of the district court, removal is improper. The absence of subject matter
12 jurisdiction is not waivable by the parties. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).

13 With the Notice of Removal, defendants provide a copy of the complaint filed in
14 Placer County Superior Court. The complaint contains a single claim for unlawful detainer. In
15 defendants' removal notice, they assert that the case involves violations of federal law.
16 Plaintiff's complaint for unlawful detainer does not state claims under any federal law. Rather,
17 defendants appear to assert these federal statutes are at issue by virtue of defendants' defense to
18 the action.

19 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or
20 third-party claim raising a federal question, whether filed in state or federal court. See Vaden v.
21 Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc.
22 v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011
23 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL
24 5330499, at *4 (E.D. Cal. Dec. 20, 2010). The complaint indicates that the only cause of action
25 is one for unlawful detainer, which arises under state law and not under federal law. Thus, this
26 action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The March 15, 2012 hearing on plaintiff's motion to remand is vacated;

2. The initial scheduling conference set for July 5, 2012 is vacated; and

IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Placer County Superior Court; and

2. Plaintiff's motion to remand be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991).

DATED: February 16, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;deut0217.remand